IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSEPH STEVEN THOMASON,

    Petitioner,               No. CIV S-04-1996 GEB KJM P

    vs.

D.L. RUNNELS,

    Respondent.          ORDER

_____/

        Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his July 1, 2002 convictions for assault with a deadly weapon and threatening to inflict great bodily injury and the finding that he had suffered prior felony convictions.

        Petitioner has requested leave to proceed without paying the filing fee. Examination of the in forma pauperis affidavit reveals that petitioner is unable to afford the costs of suit. Accordingly, the request for leave to proceed in forma pauperis is granted. See 28 U.S.C. § 1915(a).

        The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must

be waived explicitly by respondents' counsel. 28 U.S.C. § 2254(b)(3).[1]  A waiver of exhaustion, thus, may not be implied or inferred.  A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).

The state court has had an opportunity to rule on the merits when the petitioner has fairly presented the claim to that court.  The fair presentation requirement is met where the petitioner has described the operative facts and legal theory on which his claim is based.  Picard, 404 U.S. at 277-78.  Generally, it is "not enough that all the facts necessary to support the federal claim were before the state courts . . . or that a somewhat similar state-law claim was made."  Anderson v. Harless, 459 U.S. 4, 6 (1982).  Instead,

> [i]f state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution.  If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan v. Henry, 513 U.S. 364, 365 (1995).  Accordingly, "a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief."  Gray v. Netherland, 518 U.S. 152, 116 S. Ct. 2074, 2081 (1996).  The United States Supreme Court has held that a federal district court may not entertain a petition for habeas corpus unless the petitioner has exhausted state remedies with respect to each of the claims raised.  Rose v. Lundy, 455 U.S. 509 (1982).  A mixed petition containing both exhausted and unexhausted claims must be dismissed.

Petitioner raises four claims in his petition.  The first issue flows from the trial court's refusal to strike one of petitioner's prior convictions.  The second is called "judicial error," but includes challenges to the sufficiency of the evidence, the court's alleged awareness

---

[1] A petition may be denied on the merits without exhaustion of state court remedies.  28 U.S.C. § 2254(b)(2).

that some of the testimony against petitioner was perjured, and the court's purported bias in questioning the witnesses. The third ground for relief, prosecutorial misconduct, is based on a purported Brady violation[2] and the use of perjured testimony. The fourth claim is ineffective assistance of appellate counsel.

After reviewing the record in this action, the court finds that petitioner has failed to exhaust state court remedies as to claims two, three, and four, which petitioner concedes in a letter filed with his petition. Although it appears he is attempting to exhaust these claims, they will not be completely exhausted until the California Supreme Court has been given an opportunity to rule on his claims; the denial of his habeas petition by the Superior Court and the Third Appellate District does not satisfy the exhaustion requirement. Accordingly, the petition is a mixed petition containing both exhausted and unexhausted claims and must be dismissed.

Petitioner may now proceed in one of two ways. He may dismiss the entire petition in order to exhaust the unexhausted claims in state court by presenting those claims using the appropriate procedure to the California courts. He is advised to allege with particularity all the facts concerning these claims. After returning to the state court his claims may then be considered by the federal court if they are timely filed. Petitioner's second alternative is file a new petition in this court raising only the exhausted claims. Id.[3]

---

[2] Brady v. Maryland, 373 U.S. 83 (1963).

[3] Petitioner is cautioned that if he chooses to proceed on an amended petition raising only exhausted claims he will risk forfeiting consideration of the unexhausted claims in this or any other federal court. See McCleskey v. Zant, 499 U.S. 467 (1991); see also Rose, 455 U.S. at 520-21; Rule 9(b), Rules Governing Section 2254 Cases.
Petitioner is further cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d). Petitioner is advised a portion of the limitation period in his case appears to have already elapsed.
Although this court has no obligation to provide further information to petitioner, it exercises its discretion to point petitioner to a procedure that may be available to him after he files an amended petition. Namely, he may be able to ask the court to hold that petition in abeyance pending exhaustion of state court remedies as to any previously unexhausted claims. The stay and

1    Petitioner has requested the appointment of counsel. There currently exists no
2 absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d
3 453, 460 (9th Cir. 1996). However, 18 U.S.C. § 3006A authorizes the appointment of counsel at
4 any stage of the case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing
5 § 2254 Cases. In the present case, the court does not find that the interests of justice would be
6 served by the appointment of counsel at the present time.
7    In accordance with the above, IT IS HEREBY ORDERED that:
8    1. Petitioner's request to proceed in forma pauperis is granted.
9    2. Within thirty days of the date of this order, petitioner must inform the court
10 how he wishes to proceed. Failure to respond to this order will result in a recommendation that
11 the action be dismissed.
12    3. Petitioner's September 24, 2004 request for appointment of counsel is denied
13 without prejudice to a renewal of the motion at a later stage of the proceedings.
14    4. Petitioner's November 15, 2004 and December 23, 2004 requests to hold the
15 petition in abeyance pending exhaustion of state remedies are denied without prejudice.
16 DATED: May 4, 2005.

_____
UNITED STATES MAGISTRATE JUDGE

2/kf
thom1996.110

---

abeyance procedure is discussed in the case of Ford v. Hubbard, 330 F.3d 1086 (9th Cir. 2003), recently vacated and remanded by the U.S. Supreme Court. See Pliler v. Ford, 542 U.S. 225 (2004) (while not addressing propriety of stay and abeyance procedure, discussing procedure and holding that district courts are not required to provide pro se litigants with stay and abeyance warnings). Compare Calderon v. United States District Court, 134 F.3d 981, 986-87 (9th Cir.) (reviewing a variation in which unexhausted claims are stricken from the petition), cert. denied, 520 U.S. 920 (1998). The availability of the stay and abeyance procedure may be affected by a decision in another case currently pending before the U.S. Supreme Court. See Felix v. Mayle, 379 F.3d 612 (9th Cir. 2004), cert. granted, ___ U.S. ___, 125 S. Ct. 124 (2005). Petitioner may wish to conduct his own independent research in order to determine whether seeking a stay and abeyance of any amended petition might be appropriate.